UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIFA MUHAMMAD, aka MARCUS JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CASILLA, et al.,<br><br>　　　　　　Defendants. | No. 2:21-cv-0411 KJN P<br><br>ORDER |

　　　　Plaintiff is a state prisoner, currently housed in a county jail, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . .

. claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

While housed at Deuel Vocational Institution ("DVI"), plaintiff alleges that defendants and correctional officers Casilla, J. Castro, J.J. Fisher, and C. Bernard were deliberately indifferent to plaintiff's safety by transporting plaintiff in a van that was not properly outfitted to safely transport an inmate confined to a wheelchair in violation of the Eighth, Fifth and Fourteenth Amendments. Accompanied by defendant Castro, defendant Casilla drove the van in which plaintiff was transported; the other defendants were in another van. About twenty minutes into the medical transport, the two vans allegedly began racing, the van in which plaintiff was transported was driven on the wrong side of the road facing oncoming traffic. Suddenly, defendant Casilla slammed on his brakes, swaying off the road into a dirt area, as they almost collided with a car head on. Plaintiff, who was not wearing a seatbelt, flew into the gate, hitting his head, foot and elbow. Despite plaintiff's request to return to the prison, defendant Casilla continued to transport plaintiff to his medical appointment. Upon return to the prison, plaintiff reported to the nurse (defendant Jane Doe) that they had almost had a wreck and showed her his injuries, which included a swollen arm and knee. Despite his request to see a doctor, the nurse told plaintiff he would have to put in for sick call. When plaintiff was seen by the doctor, an x-ray revealed that plaintiff's foot was broken and showed plaintiff had problems with his knee. Plaintiff alleges that all of the defendants failed to provide proper medical care in violation of the Eighth, Fifth and Fourteenth Amendments.

////

////

////

Discussion

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants Casilla, J. Castro, J.J. Fisher, and C. Bernard, as well as defendant Jane Doe.[1] See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the complaint does not state cognizable Fifth or Fourteenth Amendment due process claims or claims under the Americans with Disabilities Act ("ADA"). Such claims are dismissed with leave to amend.

Plaintiff fails to allege any facts demonstrating that his due process rights were violated. Rather, his claims are governed by the Eighth Amendment.

To the extent that plaintiff seeks to bring a claim under the ADA, plaintiff fails to state a claim. Title II of the ADA, 42 U.S.C. § 12131 et seq., and § 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 et seq. ("RA"), prohibit discrimination on the basis of a disability in the programs, services or activities of a public entity. Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

---

[1] The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants. Thus, once a named defendant appears in the action, plaintiff shall promptly seek the identity of the Jane Doe defendant through discovery and then promptly move to amend the complaint to properly name each defendant. Fed. R. Civ. P. 15; see also Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action.

The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). A cause of action under § 504 of the RA essentially parallels an ADA cause of action. See Olmstead v. Zimring, 527 U.S. 581, 590 (1999); Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001). In addition, the proper defendant in an ADA action is a public entity, such as the California Department of Corrections and Rehabilitation. Individual defendants are not a public entity and are not a proper party under the ADA. Vinson v. Thomas, 288 F.3d 1145, 1155-56 (9th Cir. 2002).

Monetary damages are not available under Title II of the ADA absent a showing of discriminatory intent. See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. Duvall, 260 F.3d at 1138. Deliberate indifference requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. Id. at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation. Id. The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. Id. at 1139-40. Punitive damages may not be awarded in suits brought under Title II of the ADA. Barnes v. Gorman, 536 U.S.181, 189 (2002).

Here, while plaintiff may be able to define himself as a qualified individual with a disability under the ADA, he has not shown that he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and that such exclusion or discrimination was by reason of his disability. Therefore, plaintiff fails to state a claim under the ADA. Under the facts alleged, it is unclear whether plaintiff can amend

5

his pleading to state a cognizable ADA claim.  But in an abundance of caution, plaintiff is granted leave to amend.

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendants Casilla, J. Castro, J.J. Fisher, and C. Bernard and pursue only his Eighth Amendment claims or he may delay serving any defendant and attempt to state other cognizable claims.

If plaintiff elects to attempt to amend his complaint to allege additional constitutional violations, he has thirty days in which to do so.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Casilla, J. Castro, J.J. Fisher, C. Bernard, and Jane Doe, against whom he stated potentially cognizable Eighth Amendment claims for relief, then within thirty days he must complete and return the appended Notice of Election form appended to this order.  In this event the court will construe plaintiff's election as consent to dismissal of the Fifth and Fourteenth Amendment claims and putative ADA claim without prejudice.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

////

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Alameda County Sheriff filed concurrently herewith.

3. Plaintiff's claims under the Fifth and Fourteenth Amendments and the ADA are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims thereunder. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state potentially cognizable claims against defendants Casilla, J. Castro, J.J. Fisher, C. Bernard, and Jane Doe. See 28 U.S.C. § 1915A. Within thirty days of service of this order plaintiff may return the attached Notice of Election. If plaintiff elects to proceed solely with his Eighth Amendment claims, the court will order service of process by the United States Marshal pursuant to Fed. R. Civ. P. 4. Defendants Casilla, J. Castro, J.J. Fisher, and C. Bernard will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: June 25, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/john0411.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT O2:F CALIFORNIA

| | |
|---|---|
| KIFA MUHAMMAD, aka MARCUS JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CASILLA, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-0411 KJN P<br><br>NOTICE OF ELECTION |

　　　　In compliance with the court's order filed June \_\_\_\_, 2021, plaintiff elects to proceed as follows:

_____　　Plaintiff elects to proceed solely as to his Eighth Amendment claims against defendants Casilla, J. Castro, J.J. Fisher, C. Bernard, and Jane Doe.

_____　　Plaintiff consents to the dismissal of his claims under the Fifth and Fourteenth Amendments and the ADA, without prejudice.

　　　**OR**

_____　　Plaintiff opts to file an amended complaint and delay service of process.

DATED:

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Plaintiff