UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIFA MUHAMMAD,<br><br>            Plaintiff,<br><br>       v.<br><br>MARIO CASILLAS, et al.,<br><br>            Defendants. | No.  2:21-cv-0411 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  On March 30, 2022, under the mailbox rule, plaintiff filed a motion to compel discovery.  Defendants filed an opposition and a supplemental opposition;[1] plaintiff did not file a reply.  As set forth below, plaintiff's motion is denied.

I. Discovery and Scheduling Order

On November 22, 2021, a discovery and scheduling order issued setting the deadline for filing motions to compel discovery as April 1, 2022.  (ECF No. 23.)  "All requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 shall be served not later than sixty days prior to that date," or January 31, 2022.  (ECF No. 23 at 5.)  Responses to written discovery requests were due forty-five days after the request was served.  (Id.)

---

[1] Defendants filed a supplemental opposition because counsel received documents from plaintiff after defendants' initial opposition was filed.

## II. Applicable Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

## III. Discussion

Plaintiff's motion is not clear. He claims he served a request for production of documents "on or about 12/22 to 1/22," yet the defendants failed to respond with a "substantive response, only objections." (ECF No. 24 at 3.) Plaintiff did not provide a copy of the discovery propounded or the responses. Plaintiff claims that responses were due within thirty days, failing to take into account the court's prior order, and contends defendants have waived their objections. (ECF No. 24 at 4.) Plaintiff then states that defendants waited almost three months before responding. In his second point, plaintiff contends the discovery sought is relevant to the claims and defenses herein. He identifies "item 1" as his request seeking "any and all grievances complaints or other documents received by the defendants or their agents at DVI concerning mistreatment of inmates by defendants and any memoranda, investigation, other documents created in response to such documents since February 5, 2020." (ECF No. 24 at 5.)

Defendants provided a copy of plaintiff's request for production of documents which plaintiff labeled "Set Two."[2]  (ECF No. 26 at 10.)  The "item 1" described in plaintiff's motion is the same as plaintiff's request for production number one contained in his "Set 2."  However, this request was signed by plaintiff on March 30, 2022, after the deadline to propound discovery expired.  Thus, defendants were under no obligation to respond to this request for production of documents.  Plaintiff's motion to compel responses to the request for production of documents labeled "Set Two" is denied because it was untimely propounded.[3]

The remainder of plaintiff's motion is confusing because he appears to evaluate defendants' purported objections, yet defendants confirm they did not receive plaintiff's request for production of documents (labeled Set 2) until late on April 7, 2022, after plaintiff filed the instant motion, and did not respond to the untimely request. (ECF No. 26 at 8.)  Thus, plaintiff could not be referring to objections to the request for production of document "item 1" cited in plaintiff's motion.  In any event, to the extent plaintiff sought to compel responses to other discovery requests, he failed to meet his burden.  Other than "item 1," plaintiff did not identify a specific discovery request he challenges or demonstrate why such response was inadequate or improper, or provide copies of other requests and responses for the court to evaluate.

On the other hand, defendants' counsel declares that prior to the written discovery deadline, defendants timely responded to plaintiff's ten sets of discovery requests, including three requests for production of documents, and have provided plaintiff with 835 pages of responsive documents.  (ECF No. 26 at 5.)

////

////

////

////

---

[2]  Because this was plaintiff's fourth request for production of documents, defendants contend that the set should have been labeled "Set Four."  (ECF No. 26 at 2.)

[3]  Defendants also contend that the motion should be denied based on plaintiff's failure to meet and confer prior to filing his motion.  However, the discovery and scheduling order relieved the parties of their obligations under Local Rule 251.  (ECF No. 23 at 5.)

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 24) is denied.

Dated:  May 10, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/muha0411.mtc

4